UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23-CR-00100-1-JRG-CRW |
| | ) | |
| CHEILA GONCALVES GARCIA | ) | |

## MEMORANDUM OPINION AND ORDER

In this ancillary forfeiture proceeding, third party petitioner M&M Car Wash Systems, Inc. #5 ("Petitioner" or "M&M Car Wash") asserts a legal interest in real property subject to the Preliminary Order of Forfeiture [Doc. 58]. Petitioner filed a Motion for Summary Judgment [Doc. 76]. The United States responded in opposition [Doc. 127], Petitioner replied [Doc. 130], and on February 21, 2025, the Court heard oral argument. As discussed below, the Motion for Summary Judgment will be **GRANTED**. Also before the Court are Petitioner's Motion for Pretrial Conference [Doc. 140] and the United States' Renewed Motion for Interlocutory Sale [Doc. 129], both of which will be **DENIED as MOOT**.

### I. BACKGROUND

Petitioner is a Tennessee corporation with its principal address in Piney Flats, Tennessee. [Doc. 104 ¶ 1]. For a number of years, Petitioner owned and operated the car wash on the real property located at 1300 E. Jackson Boulevard, Jonesborough, Tennessee ("the Property"). [Doc. 76-1 ¶ 2]. Mr. Joseph McKee, who is president and shareholder of M&M Car Wash, listed the property for sale with a real estate agency in July 2021. [*Id.* ¶¶ 1, 2].

On September 4, 2021, Petitioner entered in a contract to sell the Property to Defendant Cheila Garcia for $750,000. [Doc. 76-4]. The closing took place on October 4, 2021. In accordance with the contract of sale, Garcia paid a downpayment of $75,000 and executed a promissory note,

payable to Petitioner, for the remainder. [Docs. 59-1, 76-6]. The deed and deed of trust were recorded on October 6, 2021. [Docs. 59-2, 59-3]. Garcia made monthly mortgage payments from November 2021 to July 2023. [Docs. 76-7, 76-8].

In late 2022, law enforcement began investigating Garcia as a suspected supplier of cocaine in Jonesborough, Tennessee and the surrounding area. [Doc. 71 ¶ 8]. On multiple occasions between March and July 2023, a confidential informant purchased cocaine from Garcia at the Property. [*Id.* ¶¶ 16–32]. Then in August 2023, a federal grand jury indicted Garcia on charges of conspiracy to distribute cocaine; multiple counts of cocaine distribution; and possession of a firearm in furtherance of a drug trafficking offense. [Doc. 3]. Garcia ultimately pled guilty to the conspiracy and firearm charges. [Doc. 44 ¶¶ 1–2; Doc. 52].

On January 22, 2024, the Court entered a Preliminary Order of Forfeiture, finding that Garcia's interest in certain property, including the car wash and real property at 1300 E. Jackson Boulevard, Jonesborough, Tennessee, was forfeited to the United States. [Doc. 58]. Then, on January 23, 2024, M&M Car Wash filed a Petition for Ancillary Hearing, claiming an interest in the Property.[1] [Doc. 59].

## II. LEGAL STANDARD

Although the underlying action is criminal, Petitioner's summary judgment motion is governed by Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Crim. P. 32.2(c)(1)(B). Pursuant to Rule 56, summary judgment is appropriate when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of identifying

---

[1] Petitioner filed an Amended Petition in May 2024. [Doc. 104].

the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex*, 477 U.S. at 323. To survive summary judgment, the nonmoving party must identify facts in the record that create a genuine issue of material fact. *Id.* at 324. Once the court has "determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, . . . [the ultimate decision becomes] . . . a pure question of law." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007).

## III. DISCUSSION

A third party petitioner asserting an interest in property subject to criminal forfeiture bears the burden of demonstrating, by a preponderance of the evidence, that

> **(A)** the petitioner has a legal right, title, or interest in the property [that] . . . renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; *or*
>
> **(B)** the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section [.]

21 U.S.C. § 853(n)(6) (emphasis added). "Thus, section 853(n) allows a third party to defeat the government's claim to forfeited property in one of two ways: by establishing that [its] own interest is superior to that of the defendant's or by demonstrating that [it] was a bona fide purchaser of the property, that is, one who purchased the property for value reasonably without any cause to believe that the property was subject to forfeiture." *United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993).

Here, Petitioner contends that it is entitled to relief under § 853(n)(6)(A). [Doc. 77 at 6–7]. The Court agrees. The record shows that Petitioner perfected its security interest in the Property on October 6, 2021. [Doc. 59-2]. The criminal activity giving rise to the forfeiture did not

3

commence until late 2022.[2] [Doc. 71 ¶ 53]. Hence, even viewing the evidence in the light most favorable to the United States, Petitioner's interest vested approximately a year before Garcia committed the relevant criminal conduct. Although the United States is still entitled to Garcia's interest in the Property, Petitioner has the superior claim.

The United States contends that summary judgment is not warranted because Mr. McKee acted with willful blindness in selling the Property to Garcia. [Doc. 127 at 10–12]. In support of this argument, the United States cites Mr. McKee's deposition testimony, in which he acknowledged that he sold the Property to Garcia without any proof that she had the means to pay and with the understanding that the car wash would not generate enough income to cover the monthly mortgage payments. [*Id.* at 11; Doc. 127-2 at 7, 8]. The United States also cites Garcia's sworn statement, alleging that at unspecified times she used drugs with Mr. McKee and that he and his wife knew she was selling drugs. [Doc. 127 at 10; Doc. 127-1]. Mr. McKee maintains that he sold the Property in good faith and denies Garcia's drug-related allegations. [Doc. 127-2 at 9].

While there is a dispute regarding whether Petitioner was a "bona fide purchaser" of its lienholder interest, that dispute is not material. As discussed above, Petitioner has established its superior interest under Subsection A of § 853(n)(6). And unlike Subsection B, Subsection A does not require a claimant to demonstrate that it acquired its property interest without reason to believe it would be subject to forfeiture.[3]

---

[2] The Indictment states that the conspiracy to distribute cocaine in which Garcia participated began "in or about the month of October 1, 2021." [Doc. 3 at 1, 3]. However, as reflected in the Presentence Investigation Report, the United States has acknowledged that the criminal conduct commenced "in late 2022." [Doc. 71 ¶ 53].

[3] The Court notes that under the *civil* forfeiture statute, a claimant whose property interest existed at the time of the illegal conduct giving rise to a forfeiture bears the burden of establishing that he is an "innocent owner" within the meaning of the statute. 18 USC § 983(d)(2)(A). However, Congress did not include an analogous requirement in the context of criminal forfeiture.

4

In sum, Petitioner's lienholder interest was "superior to any right, title, or interest of [Garcia] at the time of the commission of the acts which gave rise to the forfeiture of the property." § 853(n)(6)(A). Accordingly, Petitioner is entitled to summary judgment. The only remaining issue, then, concerns the manner of sale. In a prior Order, the Court instructed the parties to submit an agreement or proposed alternatives for selling the Property. [Doc. 147]. After reviewing the parties' submission(s), the Court will render a decision regarding the manner of sale.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion for Summary Judgment [Doc. 76] is **GRANTED**. The order of forfeiture will be amended to reflect Petitioner's claim, which is superior to that of the United States. Petitioner's Motion for Pretrial Conference [Doc. 140] and the United States' Renewed Motion for Interlocutory Sale [Doc. 129] are **DENIED as MOOT**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
